```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

MIGUEL R. CASTILLO,            )
                               )
       Petitioner              )
                               )
v.                             )       CAUSE NO. 3:07-CV-464 RM
                               )
WILLIAM K. WILSON,             )
                               )
       Respondent              )

## OPINION AND ORDER

Miguel R. Castillo, a *pro se* prisoner, filed this habeas corpus petition challenging his 360 day loss of earned credit time in case number WCC 07-04-0155. On April 20, 2007, the Westville Correctional Facility Disciplinary Hearing Board (DHB) found him guilty of committing battery upon another person inflicting serious injury in violation of A-102. The respondent filed a return. Mr. Castillo didn't file a traverse and the time for doing so has long since passed, so the court will rule on his habeas corpus petition.

Mr. Castillo raises four grounds in his petition. First, he argues that the DHB should have reviewed the surveillance video. Though he requested the video during his screening on April 11, 2007, that was twelve days after the attack occurred. By that time, any video that may have existed no longer did. Though Wolff v. McDonnell, 418 U.S. 539 (1974) guarantees the right to present relevant, exculpatory evidence, because the video didn't exist at the time of his hearing, it wasn't a due process error for the DHB to have refused to consider it. Indeed, it would have been impossible to do so.

The second, third and fourth claims present the same issue in different words. Mr. Castillo argues that Larry Conley, the victim, signed a statement saying that Mr. Castillo didn't attack him and had never identified him as the attacker. He argues that he requested but didn't receive any evidence proving that Larry Conley ever contradicted that statement. Finally he argues that he requested but didn't receive any evidence proving that he attacked Larry Conley. Though Wolff v. McDonnell, 418 U.S. 539 (1974), guarantees the right to present relevant, exculpatory evidence, it doesn't afford an accused the right to see the confidential internal affairs investigation. Therefore it was not a due process error to have kept those materials from Mr. Castillo. Nevertheless, the court has reviewed that material, which was submitted under seal. As a result, it is clear that some evidence exists to support the finding that Mr. Castillo attacked Larry Conley. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Finally, though Mr. Castillo submitted a statement from Larry Conley stating that Mr. Castillo didn't attack him, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985).

Because Mr. Castillo has presented no basis for habeas relief, the petition is DENIED.

SO ORDERED.

ENTERED: February 4 , 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United State District Court